IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br><br>    v.<br><br>SUMMIT TRUST COMPANY, et al.,<br><br>               Defendants,<br><br>    v.<br><br>RAMPANT FUND LP, et al.,<br><br>               Defendants. | CIVIL ACTION NO. 15-5843 |

**ORDER**

      **AND NOW,** this 8th day of November 2021, upon consideration of Final Report of Receiver and Interim Fee Application #17 With Respect to the Receivership Parties [Doc. No. 87] ("Receiver's Application"), it is hereby **ORDERED** that Receiver's Application is **DENIED without prejudice**, and Receiver Ricardo J. Zayas is directed to submit a revised Receiver's Application.[1]

---

[1] The Court denies Receiver's Application without prejudice due to two irregularities with the "Proposed Order" submitted with the application.

First, the Proposed Order asks this Court to award the sum of $192,811.39 to "Counsel to the Receiver." *See* Receiver's Application [Doc. No. 87], Proposed Order ¶2. This appears to be an error, as the billing records and expenses documented in Receiver's Application relate to the work of the Receiver and his employees. *See* Receiver's Application [Doc. No. 87], Ex. B-1, Ex. B-2, Ex. B-3. The Court notes that Receiver's counsel of record, Robinson & Cole, LLP, has submitted a separate application for fees. *See* Application of Robinson & Cole, LLP [Doc. No. 88].

Second, paragraph 5 of the Proposed Order includes a broad release of "the Receiver, his agents, employees, members, officers, attorneys and representatives . . . from all claims and liabilities arising out of and/or pertaining to the Receivership" on termination of the Receivership. *See* Receiver's Application [Doc. No. 87], Proposed Order ¶5. This complete release of liability is inconsistent with the liability standards established at the creation of the Receivership. The Order of November 25, 2015, that created the current Receivership limits the liability of Receiver and his representatives (the "Receiver Parties") for "their good faith compliance with their duties and

It is so **ORDERED.**

**BY THE COURT:**

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

responsibilities," and provides that liability may only attach to those parties for "malfeasance, bad faith, gross negligence, or . . . reckless disregard of their duties." Order of Nov. 25, 2015 [Doc. 16], ¶47. The Court will not now modify this standard by releasing the Receiver Parties from all liability for conduct during the term of the Receivership.

However, the Court recognizes Receiver's interest in ensuring that his duties under the Receivership are fully discharged, and notes that the Receiver Parties are the beneficiaries of quasi-judicial immunity for actions taken with the approval of the Court during the term of the Receivership. *See Trinh v. Fineman*, 9 F.4th 235 (3d Cir. 2021). This Court will consider Receiver's submission of a revised Proposed Order that includes alternate mechanisms to protect the Receiver Parties from vexatious or meritless litigation. Any proposal should be consistent with the common practices of District Courts in the Eastern District of Pennsylvania. *See, e.g.*, Order of March 26, 2021, ¶11, *Keybank National Association v. Fleetway Leasing Co.*, No. 18-667, Doc. No. 412 (E.D. Pa. entered Mar. 26, 2021).