IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>                    **Plaintiff,**<br><br>                    v.<br><br>**SUMMIT TRUST COMPANY, RAMPART CAPITAL MANAGEMENT, LLC, TRUST COUNSELORS NETWORK, INC., BROWN INVESTMENT ADVISORS, INC., KEVIN C. BROWN, and GEORGE P. BROWN**<br><br>                    **Defendants,**<br><br>               and<br><br>**RAMPART FUND LP, WEALTH MAINTENANCE ORGANIZATION, LLC, and HODDINOTT FARM DEVELOPMENT, LLC**<br><br>                    **Relief Defendants.** | **CIVIL ACTION NO. 15-5843** |

## **ORDER**[1]

**AND NOW,** this 6th day of December 2021, upon consideration of the Final Report of Receiver ("**Final Report**") and Interim Fee Application #17 ("**Application**") With Respect to the Receivership Parties (Doc. No. 87), after due and appropriate notice thereof; and it appearing to the Court that there is no opposition thereto, and upon the full record of the Receivership proceedings before the Court; due consideration having been given the Application and sufficient cause shown therefore; and the Court having determined that the Receiver has completed his

---

[1] Any capitalized term not defined in this Order shall have the meaning ascribed to it in the Final Report.

duties and responsibilities in accordance with the Receivership Order, it is hereby **ORDERED** that:

1. The Application is **APPROVED**.

2. The Receiver is awarded a total sum of **$192,811.39** comprised of **$190,595.25** in fees for services rendered and **$2,216.14** in costs incurred during the period of July 1, 2020 through July 31, 2021 ("**Compensation Period**"), to be paid as follows:

    a. $177,185.64 in compensation of services rendered and costs incurred from **Summit Trust Company**;

    b. $12,547.75 in compensation of services rendered from **Trust Counselors Network, Inc.**; and

    c. $3,078.00 in compensation of services rendered from **Rampart Funds, LP**.

3. Summit Trust Company, Trust Counselors Network, and Rampart Funds, LP (the "**Receivership Estates**"), are authorized to pay the fees and costs allowed in the Application for the Compensation Period in the portions indicated above in this Order.

4. Except as set forth in the Final Report, the Receiver shall be, and hereby is, fully relieved and discharged of all duties and obligations of, and any duties or obligations incident to, his service or appointment as Receiver in this matter under the Order appointing the Receiver that this Court entered on November 25, 2015 (Doc. No. 16), ¶47 (the "**Receivership Order**").

5. The Receiver, his agents, employees, members, officers, attorneys and representatives, including, but not limited to, Robinson & Cole LLP, and all persons acting by, through, or in concert with any of them (collectively, "**Releasees**") shall

not be liable for and are hereby released from any and all claims and causes of action, whether known or unknown, arising out of, or relating in any way to any action taken in good faith in (i) compliance with any order, rule, law, judgment, or decree, or (ii) performance of their duties and responsibilities in these Receivership proceedings and the administration of the Receivership Estates, including, without limitation: (a) claims by any governmental entity or other party for any taxes, fees, charges, or liabilities asserted in connection with the administration of the Receivership Estates; (b) claims by any creditors and parties in interest, or any owners, partners, stockholders, members, managers or persons in control of the Defendants or any of their affiliates; and (c) any claims relating to the filing of any local, state, or federal tax returns, personal property returns, and any reporting for the Receivership Estates, the Defendants, or the reporting of any income, assets, or tax consequences to any person or entity, and (iii) actions taken or omitted by them, or any of them, but excepting any actions or omissions by Releasees, or any of them, found by this Court to be in bad faith or to constitute gross negligence or reckless disregard of their duties in these Receivership proceedings.

6. Upon entry of this Order, all creditors, claimants, and parties in interest shall be, and hereby are, permanently and forever barred, restrained, and enjoined from seeking or taking any action to impose liability on Releasees, or any of them, without first obtaining relief to do so from this Court, except as provided in this Order.

7. The Court shall retain jurisdiction over any and all matters relating to the Receiver, the Receivership and the Receivership Estates, and over any and all matters arising from or related to the interpretation or implementation of this Order.

It is so **ORDERED.**

                                        **BY THE COURT:**

                                        **/s/ Cynthia M. Rufe**
                                        _____
                                        **CYNTHIA M. RUFE, J.**